Commonwealth *v.* Reilly et al.

Commonwealth *v.* Baltz et al.

*John Duggan, Jr.,* for petitioners.

*Charles J. Margiotti,* Attorney General, for Commonwealth.

OPINION BY MR. CHIEF JUSTICE KEPHART, March 29, 1937:

James A. Reilly and others, defendants in an indictment charging murder, apply for a change of venue under the Act of March 18, 1875, P. L. 30. The fourth paragraph of section one of that act provides that the defendants are entitled to a change of venue: "When, upon second trial of any felonious homicide, the evidence on the former trial thereof shall have been published within the county in which the same is being tried, and the regular panel of jurors shall be exhausted without obtaining a jury." It is not necessary to hold a third or subsequent trial, empanel a jury and exhaust it by challenges before securing a change of venue, where, at the second trial, it was necessary to summon talesmen to obtain a jury, as was done in this case. This could not have been done legally if there were jurors on the regular panel who could serve and were not called. Before talesmen can be called the regular panel must be exhausted by challenges or a setting aside of jurors by agreement or otherwise which is equivalent to a chal-

lenge. It must be conceded that the evidence of the former trials has been published within the county in which those trials were had, and the regular panel of jurors was exhausted without obtaining a jury, so that a cause for change of venue exists. It is accordingly ordered.

When the venue of these cases was changed from Fayette County to Somerset County, it was upon the application of the Commonwealth. That application was made under the common law, for which no procedure is provided by the legislature. We, however, adopted the legislative method governing and controlling a change of venue when applied for by defendants except for such modifications as we deemed necessary.

The present application for a change of venue comes from the defendants. It is based on an act of Assembly which defines and controls the procedure to be followed. We have permitted in many cases the application to be made direct to this court by the defendants, avoiding the necessity of appeal. This has been the procedure for many, many years, as revealed by an exhaustive research disclosing numerous instances of such changes. See Justice MITCHELL's opinion in *Commonwealth v. Smith,* 185 Pa. 553. In all such applications this court has followed the procedure directed by the legislature. The law leaves in us no discretion whatever.

Section Three of the Act of 1875 provides that, "When an order for a change of venue shall be made, . . . the trial of said case shall be conducted in the court to which it shall be removed in all respects as if the indictment had been found in the county to which the venue is changed; . . ." This language has in part been interpreted by the Superior Court in *Commonwealth v. Deutsch,* 72 Pa. Superior Ct. 298, 305, where it was held that when the venue of a criminal case is changed the district attorney of the county to which the case is sent becomes the responsible head of the prosecution. "Trial . . . shall be conducted . . . in all re-

spects as if the indictment had been found in the county . . ." must be defined with reference to the Act of May 3, 1850, P. L. 654, which states: "The officer so elected [the district attorney] shall sign all bills of indictment, and conduct in court all criminal and other prosecutions in the name of the Commonwealth, . . . and perform all the duties which now by law are to be performed by deputy attorney generals, . . ."

When a change of venue is made in a murder case on the application of the defendant, the act of Assembly which authorizes it must control the prosecution, and the courts cannot depart from its command. Therefore, the district attorney of the county to which the venue in this case is changed becomes "the responsible head of the prosecution" acting under legislative command and authority.

The same conclusion is reached as to the judge who is to preside over the case. The Act of March 31, 1860, P. L. 427, Sec. 31 requires the trial of murder cases before the court of oyer and terminer. Article V, Section 9 of the Constitution and the Act of April 14, 1834, P. L. 333, Section 58, provide who shall be the judges of that court. The Act of 1834, establishing courts of oyer and terminer, provides that ". . . it shall be the duty of the president judge of the court of common pleas of such county, with the associate judges thereof, or one of them, . . . to hold such court." It is true the legislature has provided for the substitution of judges from other courts in unusual circumstances, and this court of its own motion may order substitution when it deems conditions exist which require it, but unless such necessity arises the courts of oyer and terminer must be conducted by the judges regularly elected in the district. See Sadler, Criminal Procedure (1903), sections 378-9. We are governed by the mandatory provisions of the Change of Venue Act of 1875 relating to procedure.

It is the opinion of all of our members that a fair trial may be had in Allegheny County for the Commonwealth

and for defendants. That judicial district has fourteen common pleas judges. Many of them have had long years of experience, one having been a judge for more than twenty-five years. From among their number it will be possible to select a judge to try these cases. It is not necessary in such a situation to assign any judge outside of Allegheny County to perform this duty.

In changing the venue, which carries with it the indictment, we understand that one of the defendants, Gunderman, was convicted of second degree murder and that a motion for a new trial is now pending. While the indictments will be removed from the jurisdiction of Somerset County, we shall, at an appropriate time, by special order return that indictment to Somerset County for further proceeding before Mr. Justice MAXEY, who was specially assigned to try these cases in that county, so that counsel for defendants and the Commonwealth may have the opportunity to appear and argue before him the motions for a new trial and dispose of that case.

Following what we have discussed we attach the formal orders required in all these cases.